# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

David Despot,
    Plaintiff,

v.

Nationwide Insurance,
    Defendant.

Case No. 1:12-cv-044
Beckwith, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, David Despot, proceeding pro se, brings retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Ohio Civil Rights Act, Ohio Rev. Code § 4112, *et seq.*, against his former employer, Nationwide Insurance (Nationwide). This matter is currently before the Court on: (1) plaintiff's motion to transfer this case back to the Equal Employment Opportunity Commission (Doc. 30) and Nationwide's response in opposition (Doc. 31); (2) Nationwide's Motion to Compel and for Sanctions (Doc. 32), to which plaintiff has not responded, and Nationwide's reply (Doc. 33); and (3) Nationwide's motion for a continuance of the dispositive motion deadline. (Doc. 34). The Court will address each motion in turn.

### I. Plaintiff's Motion to Transfer (Doc. 30)

Plaintiff requests that the Court transfer his lawsuit back to the Equal Employment Opportunity Commission for re-evaluation, asserting the agency inadequately investigated plaintiff's charges against Nationwide. (Doc. 30 at 1). To the extent plaintiff seeks reconsideration of the EEOC's findings, he has identified no authority which would permit granting such relief, nor is the Court aware of any. As the Court lacks authority to transfer plaintiff's federal Title VII lawsuit back to the EEOC, plaintiff's motion is **DENIED**.

## II. Nationwide's Motion to Compel and for Sanctions (Doc. 32)

Nationwide moves for an order pursuant to Fed. R. Civ. P. 37 compelling plaintiff to produce responses to its discovery requests and to schedule his deposition. Nationwide further seeks an order requiring plaintiff to pay expenses incurred by Nationwide in filing the instant motion. For the following reasons, Nationwide's motion is granted in part.

The current Calendar Order in this matter provides that the discovery deadline passed on February 8, 2013 and that dispositive motions are to be filed by March 15, 2013. (Doc. 21). Nationwide submitted its written discovery requests to plaintiff on June 12, 2012. *See* Doc. 32, Ex. 1 at 1, 3 (Affidavit of counsel for Nationwide and attached correspondence). Plaintiff was therefore required to submit his responses by July 12, 2012. *See* Fed. R. Civ. P. 33, 34, 36. Nationwide agreed to plaintiff's request for an extension of time to August 13, 2012 and then, again, to August 31, 2012 by which to submit his responses. (Doc. 32, Ex. 1 at 4). On October 4, 2012, Nationwide sent correspondence to plaintiff noting that he had failed to submit his discovery responses and requesting that plaintiff provide them no later than October 10, 2012. *Id.* at 8. The instant motion to compel was filed on November 15, 2012. (Doc. 32). Nationwide filed a reply on January 11, 2013, identifying that plaintiff had failed to respond to its motion and, further, that plaintiff had still not provided his discovery responses. (Doc. 33). In its motion for an extension of the dispositive motion deadline, filed on March 12, 2013, Nationwide states that plaintiff has still not provided the requested discovery. (Doc. 34).

In light of Nationwide's unrebutted representations, the motion to compel is **GRANTED**. However, the Court finds that sanctions are not warranted at this time and therefore Nationwide's motion for sanctions is **DENIED**. Plaintiff has **twenty (20) days** from the entry of this order by which to provide Nationwide with his discovery responses and schedule a date for

his deposition. Plaintiff is notified that failure to comply with this order may result in sanctions, including assessment of fees and costs and a recommendation that this action be dismissed.

### III. Nationwide's Motion for a Continuance (Doc. 34)

Pursuant to the Scheduling Order in this matter, the discovery deadline passed on February 8, 2013; the dispositive motions deadline is set for March 15, 2013; the Final Pretrial Conference is set for August 6, 2013; and trial is set for August 26, 2013. (Doc. 22). In light of the above-discussed discovery issues, Nationwide moves for a continuance of the dispositive motions deadline. The undersigned finds that maintaining the current deadline would be unfairly prejudicial to Nationwide given plaintiff's failure to provide timely responses to its discovery requests, schedule and sit for his deposition, or otherwise participate in the discovery process. Consequently, Nationwide's motion to extend the dispositive motion deadline is **GRANTED**. The deadline by which to submit dispositive motions in this matter is extended to **June 13, 2013**.

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to transfer (Doc. 30) is **DENIED**;

2. Nationwide's motion to compel (Doc. 32) is **GRANTED**;

3. Nationwide's request for sanctions is **DENIED**;

4. Plaintiff shall submit his discovery responses to Nationwide and schedule his deposition within **twenty (20) days** of the entry of this Order; and

5. Nationwide's motion for a continuance (Doc. 34) is **GRANTED**. The parties shall submit dispositive motions no later than **June 13, 2013**.

3/14/13
Date

Karen L. Litkovitz
United States Magistrate Judge

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David Despot
4885-A McKnight Rd.
Apt. 101
Pittsburgh, PA 15237

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7011 3500 0001 5345 5390

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-