UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Despot, : Case No. 1:12-cv-44
    Plaintiff, :
vs. :
Nationwide Insurance, :
    Defendant. :

**ORDER**

On August 30, 2013, the Magistrate Judge filed a Report and Recommendation, recommending that Plaintiff's motion to continue and to transfer this case to the EEOC be denied, and that Defendant's motion to dismiss for lack of prosecution be granted. (See Doc. 45)  Plaintiff was ordered to file any objections to the Report no later than September 16, 2013.  He has not objected or responded to the Report.

As set forth in the Magistrate Judge's Report, Plaintiff filed a complaint against his former employer, Nationwide Insurance, on January 18, 2012.  Since that time, however, Plaintiff has done almost nothing to prosecute his case.  He did not respond to Nationwide's discovery requests despite being granted several extensions of time, and he did not respond to Nationwide's subsequent motion to compel.  He ignored this Court's March 15, 2013 Order that he contact Nationwide's counsel  to schedule his deposition.  He was notified then that his failure to comply with that order could result in sanctions, including the dismissal of his lawsuit and an award of fees and costs to the Defendant.  Instead of complying with that order, Plaintiff filed a motion to continue and to transfer the case to the EEOC (see Docs. 38, 39).   Plaintiff had filed the same

motions earlier in the case, and they had already been denied because they lack merit. (See Doc. 35) Defendant then filed its motion to dismiss for lack of prosecution on June 13, 2013, and Plaintiff failed to respond to that motion.

It is apparent that Plaintiff has abandoned his responsibilities as a litigant. Plaintiff has been warned multiple times that his failure to comply with the orders of the Court and to participate in discovery would result in sanctions, including dismissal of his case. The Magistrate Judge concluded that Plaintiff's conduct reflects his willful disregard of the authority of the Court, as well as his obligations to prosecute his case. She recommended that the complaint be dismissed, because any lesser sanction would not be effective. This Court agrees with the Magistrate Judge, because the record of Plaintiff's conduct fully supports that recommendation.

The Magistrate Judge also recommended that Defendant be awarded monetary sanctions of reasonable attorney's fees and expenses. Plaintiff was warned several times that his continuing failure to comply with discovery obligations and court orders could result in such an award. Fed. R. Civ. Proc. 37(b)(2)(C) states that the court "must" order the non-responding party to pay reasonable expenses caused by his failure to respond to discovery and court orders, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Plaintiff has not offered any explanation or justification for his conduct, and there are no circumstances here that suggest an award would be unjust. This Court agrees that an award of sanctions is appropriate based on Plaintiff's conduct. Defendant shall file an itemized statement of its reasonable fees and costs related to the motion **no later than October 11, 2013.**

For all of the foregoing reasons, the Court therefore adopts the Magistrate Judge's Report and Recommendation in full.  Defendant's motion to dismiss for lack of prosecution and for sanctions (Doc. 43) is **GRANTED**.  Plaintiff's complaint is dismissed **WITH PREJUDICE**, and this case is **CLOSED**.

This Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that any appeal of this Order would not be taken in good faith.  Plaintiff is therefore denied leave to appeal in forma pauperis.  Plaintiff may apply to the Sixth Circuit Court of Appeals for leave to appeal in forma pauperis.  See Fed. R. App. Proc. 24(a)(5).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: September 30, 2013      s/Sandra S. Beckwith
Sandra S. Beckwith
Senior United States District Judge